The Honorable Roy C. "Bill" Lewellen State Senator P.O. Box 403 Marianna, Arkansas 72360
Dear Senator Lewellen:
This official Attorney General opinion is issued in response to your recent question regarding the applicability of the Arkansas Administrative Procedure Act to the Contractors Licensing Board. More specifically, you have asked:
 Is the Contractors Licensing Board bound by the hearing and appeal provisions of the Arkansas Administrative Procedure Act?
It is my opinion that: (1) the Contractors Licensing Board is bound by the hearing and appeal provisions of the Arkansas Administrative Procedure Act in connection with the imposition of penalties under A.C.A. § 17-25-103 and under A.C.A. § 17-25-401 through -408; (2) the Board has its own hearing procedure that is to be followed in connection with the revocation of licenses; and (3) the Board is bound by the appeal provisions of the Act in connection with the revocation of licenses.
The Contractors Licensing Board is one of several state agencies which are explicitly exempted from the applicability of the Arkansas Administrative Procedure Act (APA) (codified at A.C.A. § 25-15-201
through -214). See A.C.A. § 25-15-202(1)(B). Nevertheless, the statutes that specifically govern contractors and the Contractors Licensing Board (A.C.A. § 17-25-101 through -409) adopt the hearing and appeal provisions of the APA as those that will govern certain hearings of the Contractors Licensing Board and appeals from certain decisions of the Contractors Licensing Board.
First, the contractor statutes adopt the APA's hearing and appeal provisions for use in connection with the imposition of penalties for the specific violations enumerated under A.C.A. § 17-25-103(a). Section (e)(3) provides:
 All hearings and appeals therefrom under this section shall be pursuant to the provisions of the Arkansas Administrative Procedure Act, as amended, § 25-15-201 et seq.
A.C.A. § 17-25-103(e)(3).
The contractor statutes similarly adopt the APA's hearing and appeal provisions for use in connection with the imposition of penalties for violation of the requirements concerning contractors' bonds under the A.C.A. § 17-25-401 through -408. Section -409 provides:
 All hearings and appeals therefrom under this section shall be pursuant to the provisions of the Arkansas Administrative Procedure Act, as amended, § 25-15-201 et seq.
In contrast, the contractor statutes set forth their own hearing procedure that is to be followed in connection with the revocation of licenses. That procedure is outlined in A.C.A. § 17-25-309.
However, the contractor statutes go on to provide that appeals from hearings in connection with the revocation of licenses are to be handled pursuant to the APA.
A.C.A. § 17-25-312 states:
 Any party aggrieved by any decision of this board shall have the right to seek review thereof pursuant to the provisions of the Arkansas Administrative Procedure Act, as amended, § 25-15-201 et seq.
On the basis of the plain language of the above-referenced provisions, I conclude that:
 (1) The Contractors Licensing Board is bound by the hearing and appeal provisions of the APA in connection with the imposition of penalties under A.C.A. § 17-25-103 and -408;
 (2) The Board has its own hearing procedure that is to be followed in connection with the revocation of licenses; and
 (3) The Board is bound by the appeal provisions of the Act in connection with the revocation of licenses.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh